ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ROBERT A. BROADY, | ) |
| Plaintiff, | ) |
| v. | ) CV 313-077 |
| DOUG WILLIAMS, Warden, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Dodge State Prison in Chester, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he commenced this action using the complaint form for litigants proceeding in the Middle District of Georgia, the Court directed him to file an amended complaint on the form used by incarcerated litigants in the Southern District. (See doc. no. 8.) Plaintiff has now filed his amended complaint in compliance with the Court's instructions. (Doc. no. 9.)

Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. After a review of

Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

I.  **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.

## II. DISCUSSION

Here, under penalty of perjury, Plaintiff stated that he had not previously begun any lawsuits in federal court. (Doc. no. 9, pp. 1-2.) However, the Court is aware of at least three other § 1983 cases that Plaintiff previously filed in federal court. See Broady v. Johnson, et al., 5:98-cv-00194 (M.D. Ga. Sept. 22, 1998); Broady v. Talton, et al., 5:95-cv-00286 (M.D. Ga. Dec. 13, 1996); Broady, et al. v. Lewis, et al., 5:88-cv-00287 (M.D. Ga. Dec. 5, 1988). Thus, Plaintiff provided false information about his prior filing history in his amended complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

3

Because Plaintiff provided blatantly dishonest answers in his amended complaint, this case should be dismissed.

## III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction. Having determined that this action should be dismissed, the Court further recommends that Plaintiff's motion to appoint counsel be **DENIED AS MOOT**. (Doc. no. 13.)

SO REPORTED and RECOMMENDED this 30th day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE